UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN STEVENS MALONEY | ) | CHAPTER 7 |
|    Debtor | ) | CASE NO:  16-00847-5-JNC |

_____

| | | |
|---|---|---|
| | ) | |
| JOHN STEVENS MALONEY | ) | |
|    Plaintiff | ) | |
| | ) | |
|    vs. | ) | ADVERSARY PROCEEDING |
| | ) | NO: _____ |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF REVENUE | ) | |
|    Defendant | ) | |

## COMPLAINT

NOW COMES Plaintiff John Stevens Maloney (hereinafter "Plaintiff") and, complaining of Defendant North Carolina Department of Revenue (hereinafter "the NCDOR"), hereby alleges the following:

1. Plaintiff is the debtor in this bankruptcy case which was filed on February 18, 2016.

2. The NCDOR is a department of the government of the State of North Carolina, headquartered in Raleigh, North Carolina, charged with administering the tax laws and collecting the taxes due the State in an impartial, uniform, and efficient manner.

3. Plaintiff was indebted to the NCDOR for an amount in excess of $59,000 at the time he filed bankruptcy.

4. Within the 90 days prior to filing the bankruptcy, the NCDOR levied upon and took money due to Plaintiff and applied the funds to the payment of pre-petition, general, unsecured taxes.  These payments are hereafter referred to as "the Transfers".

5. The Transfers occurred at a time in which the Plaintiff was insolvent.

6. The total amount of the Transfers was $19,057.56.

7. The Transfers were applied to the payment of general, unsecured tax debt.

8. The Transfers enabled the NCDOR to recover more than it would have received had the Transfers not been made, and that the NCDOR received payment of its debt to the extent provided by the provisions of chapter 7.

9. The Transfers were involuntary.

10. The Plaintiff disclosed the Transfers in his Schedules and Statement of Financial Affairs.

11. The chapter 7 trustee had the right to avoid the Transfers pursuant to §547(b), but he has not yet attempted to avoid the Transfers.

12. $6,442.07 of the Transfers occurred more than sixty days prior to the filing of the bankruptcy.

13. The Plaintiff could have exempted $5,000.00 of the Transfers set out in Paragraph 12, above, pursuant to 11 U.S.C. §522(b)(3) and N.C. Gen. Stat. §1C-1601(a)(2) had the Transfers not occurred.

14. $12,615.49 of the Transfers occurred within sixty days of filing the petition.

15. The Plaintiff could have exempted $10,998.00 of the Transfers set out in Paragraph 14, above, pursuant to 11 U.S.C. §522(b)(3) and N.C. Gen. Stat. §1-362 had the Transfers not occurred.

16. At Paragraphs 8 and 14 of Schedule C-1, Plaintiff designated $15,998.00 of the generated funds as exempt.

17. The Plaintiff is entitled to avoid $15,998.00 of the Transfers pursuant to 11 U.S.C. §§547(b) and 522(g).

18. To the extent that the Transfers may not be avoided by the Plaintiff, the chapter 7 trustee may avoid them pursuant to 11 U.S.C. §547(b).

WHEREFORE, Plaintiff prays the Court as follows:

1. Avoid the Transfers to the NCDOR to the extent of $15,998.00 on behalf of Plaintiff;

2. Order the NCDOR to pay the Plaintiff $15,998.00; and

3. Grant such further relief to which Plaintiff is entitled.

This the 28th day of June, 2016.

          THE BREWER LAW FIRM


         S:/ William E. Brewer, Jr.
         William E. Brewer, Jr.
         N.C. State Bar No: 7018
         311 E. Edenton Street
         Raleigh, North Carolina 27601
         Telephone No.: (919) 832-2288
         Facsimile No.: (919) 834-2011
         Email: wbrewer@williambrewer.com