**SO ORDERED.**

**SIGNED this 2 day of March, 2017.**

**Joseph N. Callaway**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

**IN RE:**

| | |
|---|---|
| **JOHN STEVENS MALONEY,**<br><br>**Debtor** | **16-00847-5-JNC**<br>**Chapter 7** |
| **JOHN STEVENS MALONEY,**<br>**Plaintiff**<br><br>**v.** | **Adversary Proceeding No.:**<br>**16-00119-5-JNC** |
| **NORTH CAROLINA DEPARTMENT OF REVENUE,**<br>**Defendant** | |

## ORDER DISMISSING COMPLAINT

The matter before the court is the amended motion to dismiss the complaint in this adversary proceeding filed by the defendant, North Carolina Department of Revenue ("NCDOR"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. A hearing took place in Raleigh, North Carolina on February 23, 2017.

The Plaintiff, John Stevens Maloney, filed a petition for relief under chapter 7 of the Bankruptcy Code on February 18, 2016. He filed the complaint in this adversary proceeding on

June 28, 2016, Dkt. 1. The NCDOR filed a motion to dismiss on August 29, 2016, Dkt. 8 and an amended motion to dismiss on September 9, 2016, Dkt. 9.

The Complaint includes the following allegations:

> 3. [Mr. Maloney] was indebted to the NCDOR for an amount in excess of $59,000 at the time he filed bankruptcy.
>
> 4. Within the 90 days prior to the filing of bankruptcy, the NCDOR levied upon and took money due to Plaintiff and applied the funds to the payment of pre-petition, general, unsecured taxes. These payments are . . . referred to as "the Transfers."
>
> 5. The Transfers occurred at a time in which the Plaintiff was insolvent.
>
> 6. The total amount of the Transfers was $19,057.56.
>
> 7. The Transfers were applied to the payment of general, unsecured tax debt.
>
> 8. The Transfers enabled the NCDOR to recover more than it would have received had the Transfers not been made, and [had] the NCDOR received payment of its debt to the extent provided by the provisions of chapter 7.
>
> * * *
>
> 12. $6442.07 of the Transfers occurred more than 60 days prior to the filing of the bankruptcy.
>
> 13. [Mr. Maloney] could have exempted $5,000 of the Transfers . . . pursuant to 11 U.S.C. § 522(b)(3) and N.C. Gen. Stat. § 1C-1601(a)(2) had the Transfers not occurred.
>
> 14. $12,615.49 of the Transfers occurred within sixty days of filing the petition.
>
> 15. [Mr. Malone] could have exempted $10,998.00 of the Transfers . . . pursuant to 11 U.S.C. § 522(b)(3) and N.C. Gen. Stat. § 1-362 had the Transfers not occurred.

Dkt. 1. The Complaint seeks avoidance of the Transfers in the amount of $15,998.00 pursuant to 11 U.S.C. §§ 547(b) and 522(g), and alleges that to the extent Mr. Maloney is not entitled to avoid the Transfers, they are avoidable by the chapter 7 trustee.

In its motion, the NCDOR provides some additional factual detail, and then contends that the Complaint should be dismissed because, as a matter of law, Mr. Maloney's exemptions are inapplicable to tax claims pursuant to North Carolina General Statutes § 1C-1601(e).[1]

**The Standard for Dismissal Pursuant to Rule 12(b)(6).**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails to meet this threshold obligation, the action should be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of Rule 12(b)(6), all allegations of fact contained in a complaint must be accepted as true. *E.I. du Pont de Nemours &Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court of the United States held that a complaint must include "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). The Court elaborated in *Ashcroft v. Iqbal* that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and that "only a complaint that states a plausible claim for relief survives a motion to dismiss." 129 S. Ct. 1937, 1949 (2009); *see also Adcockv. Freightliner, LLC*, 550 F.3d 369, 374 (4th

[1] The motion to dismiss also seeks dismissal pursuant to Rules 12(b)(1) and 12(b)(2), but the NCDOR withdrew its motion on those grounds at the hearing, noting that the issues raised in those motions were better considered on summary judgment with a full record.

Cir. 2008) (mere legal conclusions do not warrant automatic assumption of truth by the court). The allegations must be more than a "formulaic recitation of the elements" of a claim. *Iqbal,* 129 S. Ct. at 1951.

A claim has facial plausibility when the plaintiff pleads enough "factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 554 (4th Cir. 2013). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S. Ct. at 1949. Thus, dismissal under Rule 12(b)(6) is proper when, from the face of the complaint, it is clear that the plaintiff's claims are not supported by law, that one or more facts necessary to assert a valid claim have not been pled, or that facts exist that necessarily defeat the plaintiff's claims.

Judge Leonard considered what factual allegations must be contained in a complaint to avoid a preferential transfer under the *Twombly/Iqbal* pleading standard in *Angell v. Ber Care, Inc. (In re Caremerica, Inc.),* 409 B.R. 737 (Bankr. E.D.N.C. 2009). There, the court reviewed the elements of a cause of action under § 547, and then considered for each element what the plaintiff must allege. The general principles outlined by that court include:

> (1) a claim for relief under § 547 must assert facts showing that the debtors had an interest in the property exchanging hands;
>
> (2) the plaintiff should include information with respect to each alleged transfer, including dates, amounts, and names of transferees to establish that the transfer was to or for the benefit of a creditor;
>
> (3) the plaintiff must assert the nature and amount of the antecedent debt in order to establish that the transfer was to or on account of an antecedent debt.
>
> (4) factual assertions must establish the debtor's insolvency, including the date on which the alleged transfer occurred

> (5) the plaintiff must assert facts to demonstrate that the creditor received more than it would have had the transfer not been made and had the creditor received a distribution under chapter 7. The court indicated that "in a situation where the alleged preferential transferee is an unsecured nonpriority creditor, the [plaintiff] must show that the distribution to all such creditors in a chapter 7 liquidation would be less than 100%. . . . [The plaintiff] is obligated to support his allegation with facts showing that it is plausible that creditors would receive less than a 100% payout in a liquidation."[2] The court finds that the debtors' summary of schedules, reflecting liabilities far greater than assets, is sufficient to satisfy the trustee's pleading requirement.

409 B.R. at 750-54.

**Analysis of the Complaint**

Section 547(b) of the Bankruptcy Code allows a trustee to avoid a transfer of an interest of the debtor in property –

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The debtor may avoid such a transfer if the property transferred is properly exempt and the transfer was involuntary.

Here, Mr. Maloney alleged generally that the NCDOR levied upon and took funds owed to him, but Mr. Maloney has not pled any facts that indicate from where those funds derived or

---

[2] The court found that the debtors' summary of schedules, reflecting liabilities far greater than assets, was sufficient to satisfy the trustee's pleading requirement on that element.

why they are owed to him. While there is a conclusory statement that he had an interest in the funds, no facts are alleged to show that "the transfer was of an interest of the debtor in property." Similarly, while Mr. Maloney alleges that the funds were transferred within 90 days prior to the filing of his petition, he does not give any specific dates or amounts of the transfers, except to the extent that he later gives a total amount that was taken within 60 days prior to the filing and a total amount that was taken more than 60 days prior to filing. The allegation that the payments were made while Mr. Maloney was insolvent is conclusory and lacks any factual support.

This case clearly demonstrates the necessity of including specific factual allegations as to each element of a claim. Mr. Maloney contends that some of the transferred funds are exempt wages or salary pursuant to North Carolina General Statutes § 1-362 (and thus an interest of his property), which applies only to earnings of a debtor necessary for the support of the debtor and his family earned within 60 days prior to the filing of a bankruptcy petition. However, no matter how closely it inspects the Complaint, the court cannot determine from the four corners of that document whether the funds owed to the debtor even constitute wages or salary in the first place, much less whether the funds were due within or were for services rendered by the Debtor during the 60 days included in the exemption statute.[3]

Accordingly, the court finds that the Complaint fails to meet the *Iqbal/Twombley* standard for stating a claim for relief under § 547(b). However, because at least the central kernel of a claim is forecast as presented, the court will defer and hold in abeyance dismissal of the case for thirty (30) days from the date of this order to allow Mr. Maloney an opportunity to amend his Complaint to add necessary factual allegations.

[3] The motion to dismiss shed some light on the nature of the payments, but the court cannot consider those facts in reviewing a motion to dismiss under Rule 12(b)(6).

**Applicability of North Carolina General Statute § 1C-1601(e)**

At the hearing, the court indicated that it would take under advisement whether Mr. Maloney's claims fail as a matter of law pursuant to North Carolina General Statute § 1C-1601(e). However, upon further review, the court cannot make that determination based on the allegations in the Complaint. More information is needed as to the source of the funds, the applicable exemptions, and the nature of the obligation owed to the NCDOR before the court can determine whether § 1C-1601(e) applies.

## CONCLUSION

Based on the foregoing, the motion to dismiss is ALLOWED although without prejudice for now. The dismissal shall be held in abeyance for thirty (30) days from the date of this order, during which time Mr. Maloney may file an amended complaint. No motion to amend the complaint shall be required. If no amended complaint is filed within the stated time period, the dismissal order shall become effective, and this adversary proceeding shall then be deemed dismissed with prejudice. Upon the filing of an amended complaint, NCDOR shall have thirty (30) days from that date to file its answer or other responsive pleading.

**END OF DOCUMENT**